UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RALPH WHITTED aka Rachel Whitted,<br><br>    Plaintiff,<br>v.<br><br>RUSSELL SCHENDGOSK, *et al.*,<br><br>    Defendants. | Case No. 3:19-cv-00374-MMD-WGC<br><br>ORDER |

Plaintiff Rachel Marie Whitted, an inmate in the custody of the Nevada Department of Corrections, submitted a civil rights complaint under 42 U.S.C. § 1983 and filed an application to proceed *in forma pauperis*. (ECF Nos. 1, 4). After amending five times, the Court screened the Fifth Amended Complaint and dismissed it in its entirety, with leave to amend. (ECF No. 36.) Whitted filed a Sixth Amended Complaint. (ECF No. 37.) The Court became aware in August 2021, through other pending litigation that Whitted has in this Court, that she is no longer incarcerated. (ECF No. 39 at 1.) Accordingly, the Court ordered Whitted to file an updated address by September 17, 2021. (*Id.*) To date, Whitted has not updated her address nor otherwise communicated with the Court.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King,* 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to

comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The Court's order requiring Whitted to update her address and file a completed, non-prisoner *in forma pauperis* application by September 17, 2021 expressly stated: "IT IS FURTHER ORDERED that, if Plaintiff fails to timely comply with this order, this case will be subject to dismissal without prejudice." (ECF No. 39 at 2.) Thus, Whitted had adequate warning that dismissal would result from noncompliance with the Court's order

to update her address and file a fully complete *in forma pauperis* application for non-prisoners, or pay the full $400 filing fee, on or before September 17, 2021.

It is therefore ordered this action is dismissed without prejudice based on Whitted's failure to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee in compliance with this Court's order dated August 17, 2021.

It is further ordered that the remaining pending motion (ECF No. 38) is denied as moot.

The Clerk of Court is therefore directed to close the case. No other documents may be filed in this now-closed case.

DATED THIS 23rd Day of September 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE